1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6         FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   GRANT C. WILSON,                    CASE NO. CV F 07-1235 LJO DLB

9            Plaintiff,                 **ORDER ON DEFENDANTS' MOTION**
                                        **FOR SUMMARY JUDGMENT**
10      vs.

11  CITY OF MERCED, et. al,

12           Defendants.
   _____/

13

14

15       By notice filed on September 25, 2008, Defendants City of Merced and Merced Police

16  Department move for summary judgment on the grounds that there is no genuine issue of disputed fact

17  pursuant to Fed.R.Civ.P 56.  No timely opposition was filed by plaintiff.  The Court therefore took the

18  motion under submission and vacated the hearing date pursuant to Local Rule 78-230 c, h.  Thereafter,

19  plaintiff filed an opposition to the motion and an unsigned declaration.[1]  Defendants filed a reply on

20  October 23, 2008.  Having considered the moving papers, appropriate portions of the opposition, and

21  the reply, as well as the Court's file, the Court issues the following order.

22

23  _____

24       [1] The opposition was more than 11days late and was filed only after the Court vacated the hearing date due to the
    lack of an opposition.  The opposition was due to be filed no later than October 13, 2008, but was not filed until October 22
25  without any explanation for its untimely filing.  Thereafter, on October 24, 2008, plaintiff's counsel filed a partial explanation
    for the untimely filing.  Counsel indicated that counsel attempted to file the opposition on October 17, 2008, but was unable
26  to file the opposition because his password to the Court's electronic filing system was invalid.  In addition, a new legal
    assistant in counsel's office altered internal procedures and counsel did not obtain the notice vacating the hearing date.  The
27  Court has considered this explanation, but notes passwords are not changed unless he or his assistant request a change.
    Regardless, the attempted filing on October 17, 2008 was untimely.  The Court, however, has considered the opposition as
28  noted further in this Order.

**FACTUAL BACKGROUND**

Plaintiff's First Amended Complaint alleges false arrest and imprisonment by a peace officer, unnecessary delay in processing and releasing plaintiff, and violation of civil rights under California and federal law arising from his arrest and detention for the possession of marijuana on September 22, 2005.

Plaintiff suffers from hepatitis C, a condition for which he has been rated disabled for over 10 years. (Doc. 23, Undisputed Facts no. 1.)

On September 22, 2005, plaintiff called the Merced Police Department to report that he was being assaulted in his home by Cindie Luna, the mother of his children. (Doc. 23, Undisputed Facts no. 3.) When the officers arrived, they spoke with Ms. Luna. When Officer Lee returned from speaking with Ms. Luna, Officer Lee asked plaintiff whether he was growing marijuana in the house. (Doc. 23, Undisputed Facts no. 6.) Plaintiff said yes and Officer Lee asked to see the marijuana. (Doc. 23, Undisputed Facts no. 7.) Plaintiff took Officer Lee to a door, unlocked the door and showed him the marijuana plants he was cultivating. (Doc. 23, Undisputed Facts no. 8.)

Officer Lee than asked for documents authorizing plaintiff to grow marijuana. Plaintiff showed Officer Lee: (1) a medical marijuana identification card issued by the San Francisco Department of Public Health, with a validity date frame from April 26, 2005 to April 26, 2006; (2) two documents from his physician, Dr. Kevin Stuart of Gilroy, stating that plaintiff suffered from hepatitis C; (3) Merced County Superior Court dismissals of a 2003 marijuana possession charge against plaintiff and of a 2005 cultivation charge against a third party; (4) a form letter, apparently signed by plaintiff, on the letterhead of Compassionate Caregivers of Oakland, California, indicating that plaintiff's marijuana plants served medicinal purposes; and (5) portion of plaintiffs' application to the San Francisco Department of Public Health for a medical marijuana identification card. (Doc. 23, Undisputed Facts no. 10.)

Officer Lee called police dispatch. Merced Police Sargent Mathews arrived at the scene. Plaintiff was then arrested for cultivation of marijuana in violation of California Health and Safety Code §11358 and for possession of marijuana in violation of Health & Safety Code §11357(b). (Doc. 23, Undisputed Facts no. 17.) Plaintiff was transported to the police station where he was booked and turned over to the custody of the Merced County Sheriff's department. He was transported to the Merced County Jail. (Doc. 23, Undisputed Facts no. 19.) Plaintiff alleges he was held by the Merced

2

County Sheriff's Department in the county jail for five days without an arraignment. He was then released. The District Attorney did not prosecute him for the violations of the Health and Safety Code.

The First Amended Complaint alleges four claims for relief:

(1) false arrest and imprisonment by a peace officer,

(2) unnecessary delay in processing and releasing plaintiff,

(3) violation of Civil Rights pursuant to 42 U.S.C. §1983, and

(4) violation of California Civil Code §52.1.

## ANALYSIS AND DISCUSSION

**A.      Burden of Proof**

Initially, it is the moving party's burden to establish that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©; *British Airways Board v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir. 1978), *cert. denied,* 440 U.S. 981 (1979).

The court cannot grant the motion merely because plaintiff has failed to oppose the motion or failed to submit a statement of disputed facts. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Rule 56(e) requires the party against whom the motion is made to "set for specific facts showing that there is a genuine issue for trial." Absent such a showing, a properly supported motion for summary judgment may be granted if the court finds it appropriate. *Nelson, Robbins, et al v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988) (emphasis added). The moving party still has to meet its burden of proof. *In re Rogstad*, 126 F.3d 1224, 1227 (1997) (summary judgment is not an acceptable sanction for violation of a local rule.)

But that burden is met simply by "showing-- i.e., pointing out to the District Court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548 at 2554 (1986). Plainly, a conclusory assertion that the opposing party has no evidence is insufficient: "It is not enough to move for summary judgment . . . with a conclusory assertion that the (opposing party) has no evidence to prove his case." *Celotex Corp. v. Catrett, supra,* 477 U.S. at 326, 106 S.Ct. at 2555 (J. White, concur. opn.) The moving party must identify the specific issue or issues on which it claims the opposing party has no supporting evidence, and demonstrate the absence of such evidence: "It is enough for the movant to bring up the fact that the record does not contain such

an issue and to identify that part of the record which bears out his assertion." *Mt. Pleasant v. Associated Elec. Co-oP*, 838 F.2d 268, 273 (8th Cir. 1988); *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991).

The court, however, has no duty to search the record, *sua sponte*, for some genuine issue of material fact; the court may rely entirely on the evidence of the moving party. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). If the motion is based on deposition testimony, the court may rely exclusively on portions highlighted by the moving party and need not comb the deposition to discover conflicting testimony. *Guarino v. Brookfield Township Trustees, supra*, 980 F.2d at 403. The court is not obligated to consider matters not specifically brought to its attention. Thus, it is immaterial that helpful evidence may be located somewhere in the record. The opposition must designate and reference specific triable facts. *Frito-Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (DC Cir. 1988). Inferences drawn from the evidence, however, must be viewed in the light most favorable to the nonmoving party. *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 2077 (1992).

**B.      False Arrest and Imprisonment by a Peace Officer**

Defendants argues that they are not liable for false arrest and imprisonment because the police officers had probable cause to arrest plaintiff.[2] Plaintiff was cultivating and in possession of marijuana. Defendants argue, that as public entities, they may not be held liable for a tort allegedly committed by their employees if the employees themselves are immune from liability.

**1.      Probable Cause for the Arrest**

"The 'reasonableness' and hence constitutionality of a warrantless arrest is determined by the existence of probable cause." *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). The "question of whether a reasonable officer could have believed probable cause (or reasonable suspicion) existed to justify a search or an arrest is 'an essentially legal question' that should be determined by the district court at the earliest possible point in the litigation." *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th

---

[2]Under California law, false arrest and false imprisonment are not separate torts. *Collins v. San Francisco*, 50 Cal.App.3d 671, 673, 123 Cal.Rptr. 525 (1975).

1    Cir. 1993) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985)).

2         The "crucial inquiry" is whether there was "probable cause to make the arrest." *Barry*, 902 at

3    772; *see McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). "Law enforcement officers may make

4    warrantless arrests where there are 'reasonable grounds to believe' that a crime has been committed and

5    the person arrested has committed the offense." *Tachiquin v. Stowell*, 789 F.Supp. 1512, 1518 (E.D.

6    Cal. 1992) (quoting *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168 (1959)). "Probable cause for a

7    warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient

8    to warrant a prudent person to believe 'that the suspect has committed, is committing, or is about to

9    commit an offense.'" *Barry*, 902 F.2d at 773 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct.

10   2627, 2632 (1979)).

11        Defendants argue that the officers had probable cause to believe that plaintiff had violated

12   California Health and Safety Code §11357(b) (possession of marijuana) and §11358 (cultivation of

13   marijuana). Cal.Health & Safety Code § 11357(b) states: "Except as authorized by law, every person

14   who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a

15   misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100)." Cal.Health

16   & Safety Code § 11358 states: "Every person who plants, cultivates, harvests, dries, or processes any

17   marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment

18   in the state prison."

19        Plaintiff showed Officer Lee the marijuana plants in his home. Plaintiff admitted that he was

20   cultivating marijuana. The Officer saw the marijuana plants. Thus, the officers had probable cause to

21   believe that plaintiff had violated California Health and Safety code §§11357(b) and 11358. Therefore,

22   the officers had probable cause to arrest plaintiff.

23        In plaintiff's untimely opposition, plaintiff argues that the consent to the search was voluntary.

24   He argues he was intimidated. The sole evidence submitted by plaintiff in support of his position is an

25   unsigned declaration purporting to bear his name. The unsigned declaration fails to comply with this

26

27

28

1  Court's Local Rule 7-131.[3]  An unsigned declaration is without proper authentication and admissibility.

2  An unsigned declaration is inadmissible to oppose a summary judgment.  See Fed.R.Civ.P 56(e).

3  Therefore, plaintiff has failed to submit admissible evidence to carry his burden to raise an issue of fact

4  on consent.

5           **2.       Medical Marijuana**

6           Defendants present evidence that plaintiff's claim is that the marijuana was for medicinal

7  purposes.  Defendants present undisputed evidence that plaintiff did not present a valid medical

8  marijuana identification card.  Therefore, the officers lawfully arrested him.

9           California's Compassionate Use Act provides, in part: "Section 11357, relating to the possession

10  of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or

11  to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes

12  of the patient upon the written or oral recommendation or approval of a physician." Health &Safety Code

13  § 11362.5 (d).  Section 11362.765 expressly prohibits the cultivation or distribution of marijuana "for

14  profit," but provides that specified individuals are not subject to prosecution for possession for sale of

15  marijuana.  Health &Safety Code § 11362.765(a).

16          Defendants argue the Compassionate Use Act only creates an affirmative defense to a criminal

17  prosecution by possessing the card; it does not create a protection from the initial arrest.  Indeed, the Act

18  creates an affirmative defense to criminal prosecution if a criminal defendant can prove he or she used

19  the marijuana pursuant to a doctor's recommendation or approval. *People v. Wright*, 40 Cal.4th 81, 84-85

20  (2006) (The CUA provides an affirmative defense to the crimes of transporting marijuana, possessing

21  marijuana and cultivating marijuana for physician-approved personal medical purposes.)

22          In *People v. Fisher*, 96 Cal.App.4th 1147, 1151-1152 (2002), the court held that the

23  Compassionate Use Act created an affirmative defense to be asserted at trial and did not require the

24  officers to halt their law enforcement activities.  *People v. Fisher*, 96 Cal.App.4th at 1151-1152.  In

25  *Fisher*, officers searched defendant's house with a search warrant after an officer saw marijuana plants

26

27          [3] Rule 7-131 provides: "Documents that are required to be signed by a person who is not the attorney of record in
   a particular case (verified pleadings, affidavits, papers authorized to be filed electronically by persons in pro per, etc.), may
28  be submitted in electronic format bearing a "/s/" and the person's name on the signature line along with a statement that
   counsel has a signed original, e.g., "/s/ John Doe (original signature retained by attorney Mary Roe."

1  growing in his backyard.  Defendant acknowledged the marijuana was his and proffered a certificate

2  purporting to authorize his possession for medicinal use. The Court found the card did not require

3  officers to refrain from executing the warrant: "Defendant's claim to the officers that he had a certificate

4  that allowed him to legally possess marijuana for medicinal purposes asserted an affirmative defense.

5  Investigation of the truth and legal effect of defenses to criminal charges is what motions and trials are

6  for; to hold otherwise would create disorder and confusion." *Id.* at p. 1152.

7       Here, plaintiff showed the officers a card purporting to authorize him to use medical marijuana.

8  Even assuming the card plaintiff showed the officers was valid, the officers were not required to halt

9  their law enforcement activity.

10      Defendant further argues that the card plaintiff showed them was invalid.  A qualified patient or

11  a person with an identification card who transports marijuana for his personal medical use is not

12  criminally liable.  See Health & Saf.Code, § 11362.765, subds. (b)(1)-(3).  An identification care must

13  satisfy the following requirements:

14      (a) An identification card issued by the county health department shall be serially

15          numbered and shall contain all of the following:

16              (1) A unique user identification number of the cardholder.

17              (2) The date of expiration of the identification card.

18              (3) The name and telephone number of the county health department or

19              the county's designee that has approved the application.

20              (4) A 24-hour, toll-free telephone number, to be maintained by the

21              department, that will enable state and local law enforcement officers to

22              have immediate access to information necessary to verify the validity of

23              the card.

24              (5) Photo identification of the cardholder.

25  Cal.Health & Safety Code § 11362.735

26      Defendants present evidence that the card plaintiff presented to the officers during the search

27  was not valid.  First, the card was issued by the San Francisco Department of Public Health, but plaintiff

28  was a resident of Merced County.  Second, the card did not contain a telephone number that would have

enabled the officers to verify the card's validity.  Third, the card did not contain the San Francisco Department of Public Health's phone number as required by the statute.  Therefore, as determined by the officers, the card was not valid under Health & Safety Code §11362.715.

There is no evidence that the card plaintiff possessed was a valid card such that an issue of fact is raised for a jury determination.  Plaintiff, therefore, cannot assert that his arrest was unlawful since there is no evidence that the card he presented was valid, nor that the officers had the ability to make an in-field determination of validity.  At most, the potential claim of medical marijuana is an affirmative defense that plaintiff could have used in a prosecution.  The claim of medical marijuana does not undermine whether plaintiffs had probable cause to arrest plaintiff.

**3.      Immunity of the Public Entity Defendants**

A police officer is not liable for false arrest if there is probable cause for the arrest.  Pursuant to Cal.Penal Code §847(b):

> b) There shall be no civil liability on the part of, and no cause of action shall arise against, any peace officer . . . for false arrest or false imprisonment arising out of any arrest under any of the following circumstances:
>
> (1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful.

Cal.Penal Code § 847.  Here, the officers had probable cause to arrest plaintiff.  Therefore, the arrest was lawful as a matter of law.

The public entity defendants are immune from liability because the employees are immune from liability.  Immunity under California Government Code section 815.2(b) provides generally that "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."  The defendants are not liable for false arrest and imprisonment given that the defendants officers are not.

**C.      No False Imprisonment for the Detention at the County Jail**

Defendants argue that plaintiff was not in defendants' custody.  Defendants argue that after plaintiff was booked, he was turned over to the custody of the County Sheriff's Department.  He was housed in the County Jail, for which defendants do not have any authority.  (Doc. 22, Points and

Authorities p. 10; Doc. 23, Statement of Undisputed facts no.18-20.)  While plaintiff alleges he was then held for five days before he was arraigned, defendants argue that plaintiff was not in defendants' custody.  Therefore, defendants are not liable for any violation of plaintiff rights.

The First Amended Complaint alleges that plaintiff was unlawfully detained and delayed in being released.  Plaintiff alleges that "Plaintiff was incarcerated for five days.  Plaintiff was never taken before a magistrate during the time he was incarcerated, or afterwards."  (Doc, 2-6, First Amended Complaint ¶27.)  Plaintiff alleges that "there was an unnecessary delay in taking plaintiff before a magistrate and/or releasing plaintiff."   (Doc. 2-6, First Amended Complaint ¶40.)

Here, there is no evidence that defendants had custody of plaintiff after he was booked in the County Jail.  Upon arrest, plaintiff was transported to and booked into the County Jail.  "The common jails in the several counties of this State are kept by the sheriffs of the counties in which they are respectively situated."  Cal.Penal Code § 4000.  Plaintiff was turned over to the sheriff for custody and housing, and no longer in defendants' custody.  Accordingly, as the defendants did not house or control plaintiff following his arrest, defendants are not liable for alleged procedural irregularities in detention in the County Jail.

**D.      Violation of Civil Rights for Unreasonable Search and Seizure**

In plaintiff's third cause of action, plaintiff alleges his civil rights were violated.  He alleges that "defendants, acting or purporting to act in the performance of their official duties, deprived Plaintiff of his Civil Right[s] to be free of unreasonable search and seizure as a result of the official policy and/or custom of the Employer Defendants."  (Doc. 2-6, First Amended Complaint ¶45.)

In this case, the public entities are the defendants in the case.  The City of Merced and the Merced Police Department are defendants.  No individual defendants have appeared in the action.  While Police Chief Tony Dossetti is named as a defendant in this action, he has not been served and has not appeared in this action.  Accordingly, only the public entities are sought to be liable.

The basic rule of liability is "local governing bodies . . .  can be sued directly under §1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct.

1    2018 (1978). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court set

2    forth the "policy and custom" requirements of municipal liability, holding that municipal liability cannot

3    rest on the actions of the employees under a respondeat superior theory. "[A] local government may not

4    be sued for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a

5    government's policy or custom, whether made by its lawmakers or by those who edicts or actions may

6    fairly be said to represent official policy, includes the injury that the government as an entity is

7    responsible under §1983." *Monell,* at 98 S.Ct. 2038.  Thus, a local government unit may not be held

8    liable for the acts of its employees under a respondeat superior theory. *Monell*, 436 U.S. at 691, 98 S.Ct.

9    2018; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275

10   (1991).  The local government unit "itself must cause the constitutional deprivation." *Gilette v.*

11   *Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*, 510 U.S. 932, 114 S.Ct. 345 (1993).

12   Because liability of a local governmental unit must rest on its actions, not the actions of its employees,

13   a plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional

14   violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio*

15   *v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-

16   480, 106 S.Ct. 1292 (1986).  To maintain a section 1983 claim against a local government, a plaintiff

17   must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and

18   the requisite causation (the policy or custom as the "moving force" behind the constitutional

19   deprivation). *Monell*, 436 U.S. at 691-694, 98 S.Ct. 2018.

20          Here, no evidence is presented of a custom, policy or practice which injured plaintiff.  Indeed,

21   plaintiff telephoned the Police department and requested police officers be sent to his house.  When they

22   arrived, he voluntarily admitted them into his home and then voluntarily showed them the marijuana

23   plants.  There is no evidence that the search and discovery of the marijuana plants was nonconsensual.

24   There is no evidence of any custom, policy or practice which would potentially be a constitutional

25   violation.  Therefore, plaintiff did not carry his burden of showing a triable issue of fact as to the claim

26   for violation of civil rights.  Further, as shown above, the search was reasonable and  the police officers

27   had probable cause to arrest plaintiff based upon the possession and cultivation of the marijuana plants.

28   **E.      Claim for Relief under California Civil Code §52.1**

10

The fourth cause of action alleges violation of California Civil Code §52.1.  Plaintiff alleges that the search and arrest are unreasonable under California law.

Pursuant to Civil Code §52.1, liability occurs when a defendant's threats, intimidation or coercion interferes or attempts to interfere "with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Civ. Code § 52.1(a); *see City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077, 4 Cal. Rptr. 3d 468 (2003) (a plaintiff must allege and prove that the defendant interfered with plaintiff's rights under federal or state law).  Under California law, a search of a person's property is not unreasonable under Art. I §13 where the person voluntarily consents to the search.  *People v. McKinney*, 219 Cal.App.2d 120, 122-123 (1963).

The undisputed evidence shows that plaintiff consented to Officer Lee's search of the room containing the marijuana plants.  Plaintiff called the police department to request officers come to his home.  Upon their arrival, he admitted them into the home.  After the officers asked if he had marijuana growing at the home, he unlocked the door to the room containing the marijuana plants.  Plaintiff gave his voluntary consent to search of his home, that search was reasonable under state law.

Further, plaintiff was arrested for possession and cultivation of marijuana.  Defendant officers had probable cause to arrest plaintiff for violation of the California Health & Safety Code.  Therefore, because they had probable cause, his arrest did not violate ether the federal or state Constitution.

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

11

**CONCLUSION**

For the foregoing reasons, the Court orders as follows as to the City of Merced and the Merced Police Department:

1.  The Court GRANTS the motion as to the first claim for relief for false arrest and imprisonment by a peace officer.

2.  The Court GRANTS the motion as to the second claim for relief for unnecessary delay in processing and releasing plaintiff.

3.  The Court GRANTS the motion as to the third claim for relief for violation of Civil Rights pursuant to 42 U.S.C. §1983.

4.  The Court GRANTS the motion as to the fourth claim for relief for violation of California Civil Code §52.1.

The clerk is directed to enter judgment in favor of the defendants City of Merced and Merced Police Department and against plaintiff Grant C. Wilson.

IT IS SO ORDERED.

**Dated:    October 27, 2008**                              **/s/ Lawrence J. O'Neill**
                                                       UNITED STATES DISTRICT JUDGE