1
2
3
4
5 **IN THE UNITED STATES DISTRICT COURT**
6 **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7
8 GRANT C. WILSON,                                 CASE NO. CV F 07-1235 LJO DLB
9                    Plaintiff,              **ORDER ON DEFENDANT MERCED COUNTY'S F.R.Civ.P. 12(b)(6) MOTION TO**
10      vs.                                 **DISMISS**
                                             (Doc. 43.)
11 CITY OF MERCED, et. al,
12                    Defendants.
                                        /
13
14                              **INTRODUCTION**
15        Defendant County of Merced ("Merced County") seeks F.R.Civ.P. 12(b)(6) dismissal of plaintiff
16 Grant C. Wilson's ("Mr. Wilson's") false arrest and unreasonable detention claims as barred by
17 limitations periods and lacking necessary elements.  Mr. Wilson relies on the relation back doctrine to
18 maintain his claims against Merced County and seeks leave to amend his operative first amended
19 complaint ("FAC") to address deficiencies noted by Merced County.  This Court considered Merced
20 County's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the February 13, 2009
21 hearing, pursuant to Local Rule 78-230(h).  For the reasons discussed below, this Court DISMISSES
22 without leave to amend Mr. Wilson's claims against Merced County.
23                              **BACKGROUND**[1]
24                    **Mr. Wilson's Arrest And Incarceration**
25        At around 7:30 p.m. on September 22, 2005, City of Merced ("City") Police Officer Peter Lee
26 ("Officer Lee") was dispatched to Mr. Wilson's home to investigate a dispute between Mr. Wilson and
27 ───────────────
28        [1]        The factual recitation is derived generally from Mr. Wilson's FAC, the target of Merced County's challenges.

                                              1

his common-law wife.  Mr. Wilson invited Officer Lee inside his home, and Mr. Wilson's common-law wife informed Officer Lee that Mr. Wilson grew medical marijuana in his bedroom.  Mr. Wilson showed Officer Lee the marijuana plants and told Officer Lee that he obtained them at a San Francisco medical marijuana club.  Mr. Wilson further informed Officer Lee that he suffers from hepatitis C and showed Officer Lee his two valid medical marijuana cards and a physician's letter that he suffered from hepatitis C.

After Officer Lee contacted superior police officers, Mr. Wilson's marijuana plants were confiscated, and Mr. Wilson was arrested for violations of the California Health and Safety Code.  Mr. Wilson was incarcerated for five days and never taken before a court, apparently due to confusion that he was "lost in transport."  During his incarceration, Mr. Wilson was deprived of his daily medication to require no less than a week's hospital stay after his release.

No criminal complaint was filed against Mr. Wilson for cultivation of marijuana based on his September 22, 2005 arrest.

### **Pursuit Of Mr. Wilson's Claims**

On July 21, 2006, Mr. Wilson filed his original, pro se complaint against several City and State of California defendants in Merced County Superior Court.  On July 6, 2007, Mr. Wilson through his current counsel filed his FAC in Merced County Superior Court against the City and its Police Department (collectively the "City defendants").[2]  On August 20, 2007, the City defendants removed the action to this Court.  On October 28, 2008, the City defendants were granted summary judgment.

On May 22, 2008, Mr. Wilson filed papers to attempt to name Merced County as a Doe defendant.  On October 9, 2008, the magistrate judge assigned to this action issued his order to name Merced County as a Doe Defendant.  Mr. Wilson filed a proof of December 22, 2008 service of process on Merced County.

Mr. Wilson proceeds against only Merced County on the FAC, which alleges:

1.       A (first) false arrest and imprisonment by a peace officer cause of action that Mr. Wilson "was wrongfully arrested without a warrant";

---

[2]       The FAC also named as a defendant City Police Chief Tony Dorssetti who was apparently dismissed prior to removal to this Court.

2.   A (second) unnecessary delay in processing and releasing cause of action that "there was an unnecessary delay in taking Plaintiff before a magistrate and/or releasing Plaintiff";

3.   A (third) 42 U.S.C. § 1983 ("section 1983") cause of action for unreasonable search and seizure and deliberate indifference to Mr. Wilson's serious medical needs and to train officers/employees; and

4.   A (fourth) California Civil Code § 52.1 cause of action for interference with Mr. Wilson's "right to be free of unreasonable search and seizure" and rights secured by the federal and California constitutions and laws.

The FAC seeks to recover for Mr. Wilson's medical expenses, pain and suffering and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

The initial thrust of Merced County's F.R.Civ.P. 12(b)(6) motion is that Mr. Wilson's claims are time barred. A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). If the limitations defense is not apparent on the complaint's face and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed. *Jablon*, 614 F.2d at 682.

Merced County further seeks F.R.Civ.P. 12(b)(6) dismissal of Mr. Wilson's claims as lacking necessary elements. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan*

3

1     *v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is

2     proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts

3     alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

4     1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  F.R.Civ.P. 12(b)(6)

5     dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle

6     him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

7         In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light

8     most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

9     whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

10     *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal

11     conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in

12     the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th

13     Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines

14     that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

15     *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a

16     Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

17     provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

18     formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127

19     S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

20         With these standards in mind, this Court turns to Merced County's challenges to the FAC.

21                      **Section 1983 Limitations Period**

22         Merced County argues that the two-year limitations period bars Mr. Wilson's section 1983

23     claims which are not able to relate back to the July 21, 2006 filing of Mr. Wilson's original complaint

24     or July 6, 2007 filing of the FAC.

25                           ***Accrual***

26         Federal civil rights statutes have no independent limitations period.  *Johnson v. State of*

27     *California*, 207 F.3d 650, 653 (9th Cir. 2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711

28     (9th Cir. 1993) (California's statute of limitations for personal injury actions governs claims brought

4

1   pursuant to 42 U.S.C. §§ 1981, 1983, and 1985)*; Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D.

2   Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations

3   period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983

4   and related federal civil rights claims "are best characterized as personal injury actions." *Wilson v.*

5   *Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

6         On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[3] took

7   effect to extend the prior limitations period for personal injury actions (and correspondingly to federal

8   civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express*

9   *Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir.

10  1990)), from one year under former California Code of Civil Procedure section 340(3) to two years.

11  *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying

12  California law, claims brought under section 1983 and which arise in California are generally barred if

13  not brought within two years if they accrued after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct.

14  1716; *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also*

15  *Taylor*, 993 F.2d at 711.

16        Federal law "determines when a federal cause of action accrues, despite the fact that state law

17  determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160,

18  1163 (9th Cir. 1999); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff

19  knows or has reason to know of the injury which is the basis of the action. *Tworivers v. Lewis*, 174 F.3d

20  987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). "Generally, the statute of

21  limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury."

22  *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991). The California

23  Supreme Court has explained:

24        Possession of "presumptive" as well as "actual" knowledge will commence the running
          of the statute. The applicable principle has been expressed as follows: "when the plaintiff
25        has notice or information of circumstances to put a reasonable person on inquiry, or has
          the opportunity to obtain knowledge from sources open to his investigation . . . the
26        statute commences to run."

27

28        [3]      Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of,
          an individual caused by the wrongful act or neglect of another."

1   *Sanchez v. South Hoover Hospital,* 18 Cal.3d 93, 101, 132 Cal.Rptr. 657 (1976) (citations omitted).

2       Merced County argues that Mr. Wilson's claims accrued during his September 2005

3   incarceration when Mr. Wilson "would have been aware of the role of the deputy sheriffs and that they

4   were employees of the County of Merced." Merced County further points to Mr. Wilson's booking

5   forms which have "Merced County Sheriff's Department" headings and are signed by Mr. Wilson.

6   Merced County notes that Mr. Wilson was moved by Merced County deputies sheriffs "wearing

7   uniforms identifying them as the same" and that the facilities where Mr. Wilson was held were "clearly

8   marked as part of the Merced County Sheriff's Department." Merced County explains that wherever

9   Mr. Wilson went during his incarceration, "he encountered and was controlled by the County's sheriff's

10  deputies." Merced County concludes that its involvement was "open and obvious."

11      Mr. Wilson does not challenge meaningfully that his claims accrued during his incarceration.

12  In fact, Mr. Wilson points to his original complaint's allegations "that he was implicating the Merced

13  County jail in the injury causing the occurrence. Mr. Wilson claims that although he knew he was

14  incarcerated, he "did not know there was any difference between the City of Merced and Merced

15  County."

16      Mr. Wilson delayed until May 22, 2008, two years and eight months after his release, to attempt

17  to name Merced County as a defendant. Mr. Wilson can offer nothing credible to suggest that he had

18  no knowledge of Merced County's involvement in his incarceration especially since he concedes that

19  his original complaint implicated Merced County. Mr. Wilson signed September 2005 documents to

20  acknowledge that Merced County was his jailer. Mr. Wilson had clear notice and information of his

21  circumstances to put a reasonable person on inquiry that the source of alleged deprivation of his rights

22  and medication was Merced County staff. The two-years limitations was clearly blown prior to any

23  attempt to add Merced County as a defendant.

24      Moreover, Mr. Wilson fails to demonstrate that he is entitled to toll the limitations period. His

25  alleged lack of knowledge of Merced County's involvement does not assist him. "As a general rule,

26  absent some wrongdoing on the part of a defendant, a plaintiff's ignorance of his cause of action or the

27  identity of the wrongdoer does not prevent the running of the limitations period." *Garabedian v.*

28  *Skochko*, 232 Cal.App.3d 836, 840, 283 Cal.Rptr. 802, 804 (1991). Mr. Wilson points to no alleged

1    wrongdoing to shield the identity of Merced County prior to the running of the two-year limitations

2    period.  Mr. Wilson could have named Merced County in his original complaint let alone the FAC.

3                                          ***Relation Back***

4            Since Mr. Wilson's section 1983 claim against Merced County is time barred, attention turns to

5    whether the claim may relate back to the original complaint's July 21, 2006 filing or the FAC's July 6,

6    2007 filing.  State law relation back provisions govern 42 U.S.C. § 1983 claims.  *Merritt v. County of*

7    *Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *Abreu*, 284 F.Supp.2d at 1257.

8            The "general rule is that an amended complaint that adds a new defendant does not relate back

9    to the date of filing the original complaint and the statute of limitations is applied as of the date the

10   amended complaint is filed, not the date the original complaint is filed."  *Woo v. Superior Court*, 75

11   Cal.App.4th 169, 176, 89 Cal.Rptr.2d 20, 24 (1999).  An exception to the general rule "is substitution

12   under [California Code of Civil Procedure] section 474[4] of a new defendant for a fictitious Doe

13   defendant **named in the original complaint as to whom a cause of action was stated in the original**

14   **complaint**."  *Woo*, 75 Cal.App.4th at 176, 89 Cal.Rptr.2d at 176 (bold added.)  The relation-back

15   doctrine applies "[w]here a complaint sets forth, or attempts to set forth, a cause of action against a

16   defendant designated by fictitious name and his true name is thereafter discovered and substituted by

17   amendment . . ."  *Austin v. Massachusetts Bonding & Insurance Co.*, 56 Cal.2d 596, 599, 15 Cal.Rptr.

18   817 (1961).

19           Mr. Wilson is unable to establish legitimate ignorance of Merced County, which was plainly the

20   overseer of his incarceration.  Merced County was not an unascertainable defendant whom Mr. Wilson

21   could not uncover without the benefit of discovery, especially given his original complaint's implication

22   of Merced County.  Mr. Wilson was not delayed to discover Merced County; he chose not to sooner

23   pursue a claim against it.  Mr. Wilson is not entitled to relate back his section 1983 claim which is time

24   barred.

25   _____

26           [4]      California Code of Civil Procedure section 474 states in pertinent part: "When the plaintiff is ignorant of
     the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading
27   or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly
     . . ."  A "party may only avail himself of the use of naming Doe defendants as parties when the true facts and identities are
28   genuinely unknown to the plaintiff."  *Ingram v. Superior Court*, 98 Cal.App.3d 483, 492, 159 Cal.Rptr. 557, 561 (1979).

1

**State Tort Claim Requirements**

2    Merced County challenges Mr. Wilson's state law false arrest, unnecessary delay to release and

3    California Civil Code section 52.1 claims as barred for Mr. Wilson's failure to comply with what is

4    commonly referred to as the California Tort Claims Act, Gov. Code, §§ 810, et. seq.

5    The California government claims statutes require timely filing of a proper claim as condition

6    precedent to maintenance of an action.  Cal. Gov. Code, §§ 905, 911.2, 945.4 (presentment of a written

7    claim to the applicable public entity is required before a "suit for money or damages may be brought

8    against a public entity")[5]; *County of San Luis Obispo v. Ranchita Cattle Co.*, 16 Cal.App.3d 383, 390,

9    94 Cal.Rptr. 73 (1971).  The claims procedures applicable to actions against public employees are the

10   same for actions against public entities.  Cal. Gov. Code, §§ 950-950.6.  Compliance with the claims

11   statutes is mandatory. *Farrell v. County of Placer*, 23 Cal.2d 624, 630, 145 P.2d 570 (1944).  Failure

12   to file a claim is fatal to the cause of action.  *Johnson v. City of Oakland*, 188 Cal.App.2d 181, 183, 10

13   Cal.Rptr. 409 (1961). "[F]ailure to allege facts demonstrating or excusing compliance with the claim

14   presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause

15   of action."  *State v. Superior Court,* 32 Cal.4th 1234*,* 13 Cal.Rptr.3d 534, 538 (2004).

16   Mr. Wilson notes that he filed a state tort claim against the City and argues that "the City and

17   County have complete identity and community of interest; and so knowledge by the City is imputed to

18   the County."  Mr. Wilson cites no authority for his novel notion.  Merced County responds that "[t]o say

19   knowledge is imputed from one sovereign to another is similarly unsupportable."  The City and Merced

20   County are distinct public entities to whom Mr. Wilson needed to serve separate state tort claims.  The

21   complaint fails to allege, and is unable to allege, that Mr. Wilson complied with the California

22   government claims statutes to permit him to proceed here with his state law claims against Merced

23   County.  Such failure is fatal to his state law claims against Merced County.

24   Moreover, the relation back doctrine does not assist Mr. Wilson in that it is does not support

25   "that the Tort Claims Act's strict and mandatory condition that a timely action must be commenced

26

27   ⁵    California Government Code section 911.2(a) provides: "A claim relating to a cause of action for death
or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action.  A claim
28   relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action."

against a public entity, is satisfied by the filing of a complaint with 'Doe' defendants in which the public entity goes unnamed and unconsidered." *Chase v. State of California,* 67 Cal.App.3d 808, 813, 136 Cal.Rptr. 833 (1977). The California Court of Appeal explained:

> Indeed, even in the case of a subsequently joined nonpublic entity defendant, it does not hold that in fact the action was earlier commenced against him. Instead, to effectuate modern liberal rules of pleading he "is considered a party to the action from its commencement for purposes of the statute of limitations." . . . The Tort Claims Act permits no similar liberality in derogation of its mandate that in a case such as that at bench, the action must be commenced against the state within six months from its rejection of a claim.
>
> We hold therefore that in the circumstances of the case at bench, plaintiff did not commence an action against the State of California within six months after his claim was rejected, according to the requirement of the Tort Claims Act.

*Chase,* 67 Cal.App.3d 808, 813-814, 136 Cal.Rptr. 833.

A leading California practice treatise further explains:

> Amendments naming a public entity as a "Doe" do not relate back to the original complaint. Reason: Public entities are immune from suit except as provided by statute (Calif. Const. Art. 3, § 5); and Government Claims Act requires claims filing and suit within 6 months following rejection (Gov.C. § 945.6 . . .

Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial* (2008) Pleadings, para. 6:746, p. 6-182.

The FAC's false arrest, unnecessary delay to release and California Civil Code section 52.1 claims are subject to dismissal for failure to comply with the California Tort Claims Act.

### No Federal Right

Merced County further attacks the (third) section 1983 cause of action for failure to allege a violation of a federal constitutional right. Merced County focuses on Mr. Wilson's arrest for a controlled substance, not his claim of deliberate indifference to his serious medical need. In light of the successful limitations defense, this Court need not address Merced County's apparent misunderstanding of Mr. Wilson's section 1983 claim.

### F.R.Civ.P. 4(m) Dismissal

Merced County further seeks F.R.Civ.P. 4(m) dismissal based on Mr. Wilson's failure to serve Merced County within 120 days of the City defendants' removal to this Court. F.R.Civ.P. 4(m) provides:

1

2

3

        If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause fo the failure the court must extend the time for service for an appropriate period.

4   Technically, Merced County is correct that failure to comply with F.R.Civ.P. 4(m) supports dismissal:

5   "Doe defendants must be identified and served within 120 days of the commencement of the action

6   against them." *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995).  However, Mr.

7   Wilson was first permitted on October 8, 2008 to add Merced County as a defendant and accomplished

8   service of process on December 22, 2008.  F.R.Civ.P. 4(m) dismissal would appear to contradict the

9   orders of the magistrate judge and this Court. *See Aviles*, 160 F.R.D. at 567 ("we are hesitant to dismiss

10   a potentially meritorious lawsuit on essentially procedural grounds").  Nonetheless, Mr. Wilson's claims

11   against Merced County are barred as discussed above.

12

## CONCLUSION AND ORDER

13        For the reasons discussed above, this Court;

14   1.     DISMISSES with prejudice Mr. Wilson's claims against Merced County; and

15   2.     DIRECTS the clerk to enter judgment in favor of defendant County of Merced and

16          against plaintiff Grant C. Wilson and to close this action.

17        IT IS SO ORDERED.

18  **Dated:**   **February 9, 2009**             **/s/ Lawrence J. O'Neill**

19                                      UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28